IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST EDSEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1556-S-BN |
| | § | |
| TRAVIS W. BERKLEY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On July 6, 2021, Defendants Joel Anderson, Lisa Marie Anderson, Anderson Construction NW, LLC, and Kitsap Mason Electrician, Inc. removed this case then pending in 298th District Court of Dallas County, Texas, explaining that, on June 4, 2021, they "were served with the first paper that indicated that the case was ripe for removal" under 28 U.S.C. §§ 1332 and 1441(a) [Dkt. No. 1] (the Notice of Removal).

Plaintiff Ernest Edsel filed, on July 16, 2021, Plaintiff's Notice of Deficiency [Dkt. No. 4], urging that the Notice of Removal is defective under Federal Rule of Civil Procedure 11 and Northern District of Texas Local Civil Rule 81.1 and that the Court should therefore strike it – but not requesting remand to state court.

The presiding United States district judge then referred this removed case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

As ordered, *see* Dkt. No. 6, the removing defendants filed an amended notice of removal, *see* Dkt. No. 7; *see also* Dkt. No. 9 (brief in support of removal).

Edsel then moved to remand this case on August 5, 2021, *see* Dkt. No. 10, and filed an amended motion to remand on August 9, 2021, *see* Dkt. No. 12. Edsel argues that this case should be remanded chiefly because this Court lacks jurisdiction. *See, e.g.*, Dkt. No. 12 at 1 ("Remand is required pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the exclusive jurisdiction of the District Courts of the State of Texas, as set forth in Texas Property Code § 115.001(a)(1-10) and (a-1).").

The Court ordered the removing defendants to respond to the amended motion to remand by September 9, 2021. *See* Dkt. No. 13. Before they could, Edsel filed Plaintiff's Emergency Motion for Leave to File: 28 U.S.C §§ 1651, 2283 Motion for Injunctive Relief and for Shortened Local Rule 7.1(e) Time for Response; and, Motion to Show Cause and for Attorney Discipline [Dkt. No. 14] (the Emergency Motion) and Amended and Corrected Proposed Order for Plaintiff's Proposed Motion to Show Cause and for Attorney Discipline [Dkt. No. 15].

The Emergency Motion, aimed at the removing defendants, makes a jumble of contentions and seeks various forms of relief, including that this Court take "swift case management action" and grant Edsel's "requested injunctive relief" to avoid a multiplicity of litigation. *E.g.*, Dkt. No. 14 at 9-10; *see also* Dkt. No. 14-4 (Edsel's proposed 28 U.S.C. §§ 1651, 2283 motion for injunctive relief).

Edsel explicitly bases his exigent motion on the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283 (the AIA), presumably under an exception to the AIA, which otherwise provides that a federal court "may not grant

an injunction to stay proceedings in a State court."

> The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is not an independent source of jurisdiction. A court may issue orders under the Act only "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *Texas v. Real Parties In Interest*, 259 F.3d 387, 392 (5th Cir. 2001) (quoting *United States v. New York Telephone*, 434 U.S. 159, 172 (1977)). Courts construe the Act narrowly and apply it only under "such extraordinary circumstances ... that indisputably demand such a course of action as absolutely necessary to vouchsafe the central integrity of the federal court judgment." *Id.* at 395.

*Jackson v. Wells Fargo N.A.*, Civ. A. No. H-20-1172, 2021 WL 1428486, at *1 (S.D. Tex. Feb. 9, 2021). "Authority under the All Writs Act is limited by [the AIA], which generally bars federal courts from interfering with state-court litigation," but "provides three exceptions. Courts may issue injunctions that affect state-court proceedings when: (1) the injunction is expressly authorized by Congress; (2) the court is acting in aid of its jurisdiction; or (3) when the court is acting to protect or effectuate its judgments." *Id.* (citing *Hill v. Washburne*, 953 F.3d 296, 307-08 (5th Cir. 2020)).[1]

Considering that this Court has entered no orders that it need effectuate or prevent the frustration of under the All Writs Act and that no judgment has been

---

[1] *See also Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990) (The AIA "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." (footnotes and citations omitted)); *cf. Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 n.2 (5th Cir. 2008) ("'It must be remembered that the anti-injunction act limits federal remedies without ousting federal subject-matter jurisdiction.'" (quoting 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4469 at 82 n.19 (2d ed. 2002))).

entered in this case, it certainly is strange for a litigant to simultaneously urge a federal court to remand an action for lack of subject matter jurisdiction while urging that the same federal court should exercise its power, under an exception to the AIA, to enjoin a state court in the aid of the federal court's jurisdiction.

> On top of this anomaly, the AIA's general
>
> prohibition against interfering in state proceedings embodies a strong policy that, recognizing the "independence of the States and their courts, the exceptions should not be enlarged." A federal court cannot enjoin a state-court suit on the grounds that "the state court may have taken action which the federal court [is] certain [is] improper," nor is it appropriate to avoid simultaneous pursuit of claims in courts with concurrent jurisdiction.
> Under the Act, an injunction is not appropriate just because it is "related" to the federal court's jurisdiction. If the state court takes an action the federal court or a party to the action finds incorrect, the proper course is typically the state appellate court. Any doubts about the "propriety of a federal injunction ... should be resolved in favor of permitting the state courts to proceed.... The explicit wording of § 2283 itself implies as much."

*Aptim Corp. v. McCall*, 888 F.3d 129, 143-44 (5th Cir. 2018) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287, 295-96, 295, 296, 297 (1970)).

For these reasons, the Court should deny the Emergency Motion insofar as Edsel seeks relief under the All Writs Act and an enumerated exception to the AIA.

Further, insofar as the Emergency Motion may be construed as seeking some sort of preliminary injunctive relief under Federal Rule of Civil Procedure 65, as it appears that Edsel may also be seeking "an equitable injunction," Dkt. No. 14-4 at 10 (identifying the four prongs necessary to obtain relief under Rule 65), such relief is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862

F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). An "applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted).

If, as Edsel asserts in seeking that this action be remanded to state court, this Court lacks jurisdiction over this action, Edsel cannot also show a substantial likelihood that he will prevail on the merits, at least here. *See Anderson v. Oakley*, 77 F.3d 475, 1995 WL 798510, at *1 (5th Cir. Dec. 20, 1995) (per curiam) ("The district court did not abuse its discretion in denying Anderson's motion for a preliminary injunction. Anderson failed to demonstrate a substantial likelihood of success on the merits because the district court lacked federal jurisdiction." (citations omitted)); *Nianga v. Wolfe*, 435 F. Supp. 3d 739, 743 (N.D. Tex. 2020) ("Federal courts are courts of limited jurisdiction and must therefore 'affirmatively ascertain subject-matter jurisdiction before adjudicating a suit.' A party seeking a TRO can not establish a 'substantial likelihood of success on the merits' of his claim if the court concludes that it lacks jurisdiction to adjudicate the claim altogether." (citations omitted)).

But, even if there is jurisdiction over this case, Edsel has not shown that he will suffer an irreparable injury by the multiplicity of litigation that he claims will occur absent urgent action by this Court. *See* Dkt. No. 14 at 8 (discussing monetary

damages). To establish this prong, the movant "must show that it is likely to suffer irreparable harm, that is, harm for which there is no adequate remedy at law," and "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Sci., L.L.C. v. Vascular Health Sci., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (internal quotation marks omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the United States Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). And, in general, if the movant's "only alleged harm can be obviated by monetary relief, it does not constitute the 'irreparable' injury necessary to obtain the extraordinary relief of a preliminary injunction." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 275, 279 (5th Cir. 2012) (footnote omitted).

For these reasons, the Court should deny the Emergency Motion insofar as Edsel seeks preliminary injunctive relief under Rule 65.

The Court should also not accept Edsel's invitation to, through the Emergency Motion, wade into an attorney-discipline morass. At least to the judicial officer tasked with managing it for pretrial purposes, it is neither entirely clear what this lawsuit is all about nor that the Court has jurisdiction to consider this suit's subject matter. That said, the denial of the Emergency Motion now should not prevent Edsel from pursuing proper expedited relief if the Court were to be satisfied that subject matter jurisdiction exists.

**Recommendation**

The Court should deny Plaintiff Ernest Edsel's Emergency Motion for Leave to File: 28 U.S.C §§ 1651, 2283 Motion for Injunctive Relief and for Shortened Local Rule 7.1(e) Time for Response; and, Motion to Show Cause and for Attorney Discipline [Dkt. No. 14] in its entirety.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 9, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE