IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST EDSEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1556-S-BN |
| | § | |
| TRAVIS W. BERKLEY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On July 6, 2021, Defendants Joel Anderson, Lisa Marie Anderson, Anderson Construction NW, LLC, and Kitsap Mason Electrician, Inc. (collectively the Removing Defendants) removed this case then pending in 298th District Court of Dallas County, Texas, explaining that, on June 4, 2021, they "were served with the first paper that indicated that the case was ripe for removal" under 28 U.S.C. §§ 1332 and 1441(a) [Dkt. No. 1].

Plaintiff Ernest Edsel filed, on July 16, 2021, Plaintiff's Notice of Deficiency [Dkt. No. 4], urging that the notice of removal is defective under Federal Rule of Civil Procedure 11 and Northern District of Texas Local Civil Rule 81.1 and that the Court should therefore strike it. But Edsel did not, through this filing, request remand to state court.

The presiding United States district judge then referred this removed case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 5.

As ordered, *see* Dkt. No. 6, the Removing Defendants filed an amended notice of removal, *see* Dkt. No. 7; *see also* Dkt. No. 9 (brief in support of removal).

Edsel then moved to remand this case on August 5, 2021, *see* Dkt. No. 10, and filed an amended motion to remand on August 9, 2021, *see* Dkt. No. 12. Edsel argues, in the first instance, that this case should be remanded because this Court lacks jurisdiction. *See, e.g., id.* at 1 ("Remand is required pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331, 1332, 1441, and 1446, the exclusive jurisdiction of the District Courts of the State of Texas, as set forth in Texas Property Code § 115.001(a)(1-10) and (a-1).").

The Court ordered the Removing Defendants to respond to the amended motion to remand by September 9, 2021. *See* Dkt. No. 13. They did. *See* Dkt. No. 17. And Edsel replied. *See* Dkt. No. 18.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, because the Removing Defendants have not established federal jurisdiction, the Court should grant Edsel's amended motion and remand this action to the 298th Judicial District Court of Dallas County, from which it was removed.

**Legal Standards and Analysis**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of

citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.¹ So, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

In their First Amended Notice of Removal, the Removing Defendants explain that diversity of citizenship supports removal, as Edsel "fraudulently joined his business associates as Defendants and then falsely claimed to the court that the Defendants were Texas citizens when they are, in fact, not citizens of Texas. Accordingly, Defendants remove based on diversity jurisdiction. Amount in controversy exceeds $75,000." Dkt. No. 7, ¶¶ 4, 5.

The Removing Defendants also filed a brief in support of their First Amended Notice of Removal [Dkt. No. 9], though which they explain, in applicable part:

> 1. On or about October 27, 2020, cause number DC-20-16167, captioned Ernest Edsel v. Travis W. Berkley et al., was filed in the 298th District Court in Dallas County, Texas. Plaintiff named seven defendants: 1. Travis W. Berkley, 2. John "Jack" Dimond, 3. Dimond Ives, 4. Joel Anderson, 5. Lisa Marie Anderson, 6. Anderson Construction NW, LLC, and 7. Kitsap Mason Electrician, Inc. (Dkt. No. 7-2).
> 2. Together, Defendants Joel Anderson, Lisa Marie Anderson, Anderson Construction NW, LLC, and Kitsap Mason Electrician Inc. will be referred to as "Washington State Defendants."
> 3. Defendants Travis W. Berkley, John "Jack" Dimond, and

---

¹ *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

> Dimond Ives will be referred to as "Alleged Texas Defendants" as Plaintiff alleged in his Petition that Mr. Berkley and Mr. Dimond were residents of Texas, and their partnership, Dimond Ives, was doing business in Dallas.
> 4. Defendants Joel Anderson, Lisa Marie Anderson, and Anderson Construction NW, LLC were served with Plaintiff's Original Petition on November 4, 2020. (Dkt. No. 7-16, 17, 18).
> 5. Defendant Kitsap Mason Electrician was served on Nov. 6, 2020. (Dkt. No. 7-14).
> 6. Alleged Texas Defendants were "served" on Nov. 1, 2020. (Dkt. No. 7-7, 8, 9).
> 7. The Washington State Defendants filed motions contesting the court's personal jurisdiction. ((Dkt. No. 7-18, 19).
> 8. The Alleged Texas Defendants never filed any responsive pleading or Answer and have failed to do so even now.
> 9. Over the course of litigation, Plaintiff amended his petition multiple times.
> 10. On June 4, 2021, Plaintiff filed his Fourth Amended Petition. (Dkt. No. 7-60). He also filed an affidavit from Alleged Texas Defendant Travis W. Berkley. (Dkt. No. 7-62). Mr. Berkley had never answered the lawsuit, and Plaintiff had never moved for default judgment.
> 11. Mr. Berkley's affidavit made it clear that Mr. Berkley is not domiciled in Texas, but instead lives in the West Indies. (Dkt. No. 7-62).
> 12. On June 23, 2021, Plaintiff filed a Motion for Sanctions against Washington State Defendants and included an affidavit from himself. (Dkt. No. 7-66). For the first time, Plaintiff alleged to be a "a resident of Texas my entire life." *Id.* Prior to that filing, Mr. Edsel was presumed to be a citizen of Washington State.
> 13. With the new information provided on June 4, 2021, and June 23, 2021, it became apparent that the citizenship of the Plaintiff and Alleged Texas Defendants were not as stated in Plaintiff's Original Petition or subsequent amendments.
> 14. On July 6, 2021, the Washington State Defendants filed a Notice of Removal as it became increasingly clear that Plaintiff misled the state court as to the citizenship of the Alleged Texas Defendants.
> 15. Further investigation revealed that the Alleged Texas Defendants were "served" at a small airport in New Mexico by a Texas resident who is not a licensed process server.

*Id.*

As applicable to the current analysis, the Removing Defendants then conclude that, "[u]pon information and belief," Edsel is a citizen of Texas; Berkley is a citizen

of Saint Kitts and Nevis, West Indies; and Dimond is a citizen of New Mexico. *See id.*,

¶ 16. And they offer the following additional arguments in support of complete

diversity of citizenship:

> 22. Complete diversity of citizenship between Plaintiff and Defendants existed at the time of filing of Plaintiff's Original Petition and at the time of removal.
> 23. In his Original Petition, Plaintiff states that he "is a dual resident of Texas and Washington State." (Dkt. No. 7-2) However, in his affidavit filed on June 23, 2021, Plaintiff claims that he has been "a resident of Texas my entire life." (Dkt. No. 7-66) Accordingly, Plaintiff has been continuously domiciled in Texas and is a citizen of the State of Texas for purposes of diversity jurisdiction.
> 24. Defendant Anderson Construction NW, LLC is a limited liability company. …
> 25. Plaintiff correctly alleges that Defendants Joel Anderson and Lisa Marie Anderson are the only two Members, and Plaintiff correctly alleges that they are citizens of Washington. (Dkt. No. 7-2)
> ….
> 27. Plaintiff correctly alleges that Defendant Kitsap Mason Electrician, Inc., is a citizen of Washington because it is incorporated in Washington and its principal place of business is in Washington. (Dkt. No. 7-2)
> 28. Plaintiff alleged that Defendants Travis W. Berkley, John "Jack" Dimond, and their partnership Dimond Ives are residents of Texas. (Dkt. No. 7-2). However, the evidence does not support this.
> 29. In his affidavit dated June 4, 2021, Travis W. Berkley stated that he has been "since 1981, a resident of the Caribbean nation of Saint Kitts and Nevis, where my street address is 330 Pavilion Hill, St. Kitts, KN 7000, West Indies." (Dkt. No. 7-62). He also signed his affidavit in the West Indies. *Id.* For purposes of diversity, Travis W. Berkley is a citizen of St. Kitts.
> 30. Plaintiff alleged that John "Jack" Dimond lives in Houston, Texas and works in Irving, Texas (which is a suburb of Dallas, Texas). (Dkt. No. 7-2). However, the address listed for Mr. Dimond is a high-rise condominium, and Plaintiff does not include a unit number. Mr. Dimond has not entered an appearance in the case, nor has he filed any responsive pleading. Mr. Dimond cannot be found on the ownership records for any condominium at the address listed. Upon further investigation, the return of service filed with the Court claims that personal service was perfected at "459 County Rd 11.5, Texico, New Mexico 88135." (Dkt. No. 7-12). That address is a small, regional airport

> in New Mexico. Upon information and belief, Mr. Dimond is a citizen of New Mexico.
> 31. Plaintiff alleges in his Original Petition that Dimond Ives is a partnership, and the only two partners are Travis Berkley and John "Jack" Ives. (Dkt. No. 7-2). Accordingly, for diversity purposes, all partners of the partnership are not citizens of Texas.
> 32. Accordingly, for removal purposes, complete diversity exists between all Defendants and Plaintiff, who is a citizen of Texas.

*Id.*

To establish the Court's diversity jurisdiction, the party invoking it must show that each plaintiff's citizenship is diverse from each defendant's citizenship and that the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). And, because federal courts "must presume that a suit lies outside [their] limited jurisdiction," "the burden of establishing federal jurisdiction here "rests on" the Removing Defendants, as the parties "seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen*, 511 U.S. at 377; *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)))).

"For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile

serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

There may exist other defects in the removal of this case to federal court. But the Court need look no further than the Removing Defendants' showing as to Defendant Dimond to be satisfied that the Removing Defendants have not carried their burden to establish complete diversity. They have failed to show that, because they could not locate ownership records for a condominium Dimond allegedly owns in Houston and because he was served at an airport in New Mexico, Dimond intends to remain indefinitely in New Mexico such that he is domiciled there, making Dimond and his partnership (also a defendant) citizens of New Mexico. *See* Dkt. No. 9, ¶ 30.

The Removing Defendants have therefore failed to show that this case could have originally been filed in federal court under Section 1332 and thus it was removable under Section 1441(a).

Further, while the First Amended Notice of Removal asserts that Edsel "fraudulently joined his business associates as Defendants and then falsely claimed to the court that the Defendants were Texas citizens when they are, in fact, not citizens of Texas," Dkt. No. 7, ¶ 5, the Removing Defendants fail to develop any

argument that the Court should disregard the citizenships of Berkley and Dimond, under a theory of improper joinder, to determine if there is jurisdiction under Section 1332, *see* Dkt. Nos. 7, 9, 17. Indeed, a defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). And, "until the removing party does so, the court does not have the authority to do more." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc).

### Recommendation

The Court should grant Plaintiff Ernest Edsel's amended motion to remand [Dkt. No. 12] and remand this action to the 298th Judicial District Court of Dallas County, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 14, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE