# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ERNEST EDSEL § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-CV-1556-S-BN |
| § | |
| TRAVIS W. BERKLEY, et al. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") [ECF No. 19] in this case. Defendants Joel Anderson, Lisa Marie Anderson, Anderson Construction NW LLC, and Kitsap Electrician Inc. ("Removing Defendants") filed Defendant's [sic] Objection to Recommendation of Magistrate Judge ("Objection") [ECF No. 21]. The District Court reviewed *de novo* those portions of the FCR to which objection was made, and reviewed the remaining portions of the FCR for plain error.

The Removing Defendants' sole objection to the FCR is that it "only considers the facts that the [ ]Removing Defendants laid out in the Notice of Removal when deciding whether there was fraudulent joinder or not." Obj. 1. Removing Defendants urge the Court to "consider all the facts and circumstances of the Non-Removing Defendants' [(Travis W Berkley, John Dimond, and Dimond Ives)] behavior when ruling on improper joinder." *Id.*

As the Magistrate Judge explained, "while the First Amended Notice of Removal asserts that [Plaintiff] 'fraudulently joined his business associates as Defendants and then falsely claimed to the court that the Defendants were Texas citizens when they are, in fact, not citizens of Texas,' the Removing Defendants fail to develop any argument that the Court should disregard the

citizenships of Berkley and Dimond, under a theory of improper joinder, to determine if there is jurisdiction under [28 U.S.C. §] 1332." FCR 7-8 (citations omitted).

The Removing Defendants' efforts to establish fraudulent joinder in their Objection are unavailing. First, Removing Defendants have waived a fraudulent joinder argument. Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), an objecting party may submit additional evidence that may properly be considered by a District Judge when reviewing the recommendations of a Magistrate Judge. *See, e.g., Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). But "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) ("[T]he district court has wide discretion to consider and reconsider the magistrate judge's recommendation. In the course of performing its open-ended review, the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge. Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence."). In Defendants' Response to Plaintiff's Motion to Remand [ECF No. 17], Removing Defendants argue only that (1) the Court should disregard the citizenships of the Non-Removing Defendants because they have purportedly not been properly joined and served in the state court action,[1] and (2) the Court should not abstain from exercising jurisdiction over this case. Defs.' Resp. at 5-9.

---

[1] Removing Defendants' reliance on *Texas Brine Co., L.L.C. v. American Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020) in their Response is misplaced. That case endorsed so-called "snap removal" in cases where a forum defendant has not yet been properly joined and served. *Texas Brine Co.*, 955 F. 3d. at 487. That case does not allow the Court to disregard the citizenship of unserved defendants when determining whether complete diversity exists. *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.) (citing, *inter alia, Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939)).

Even if the Removing Defendants have not waived a fraudulent joinder argument, the Objection does not carry their heavy burden to establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." FCR 8 (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). The Removing Defendants make no showing as to the second prong. Nor do they "establish outright fraud in the plaintiff's recitation of jurisdictional facts." *Burden v. Gen. Dynamic Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). As the Magistrate Judge explained, Removing Defendants have not shown that Dimond is a citizen of New Mexico, as opposed to Texas, as alleged. *See* FCR 7.

A federal court must presume that a cause of action lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, removal is strictly construed and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). Here, Removing Defendants have failed to carry their burden of establishing that the Court has jurisdiction over this case.

Accordingly, the Court **OVERRULES** Removing Defendants' Objection and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**SO ORDERED**.

SIGNED October 1, 2021.

**UNITED STATES DISTRICT JUDGE**